**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHN STEVEN OLAUSEN, | ) | |
| Plaintiff, | ) | |
| v. | ) | 3:14-cv-321-RCJ-VPC |
| THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE DEPT. 4 et al., | ) ) ) ) | **ORDER** |
| Defendants. | ) | |

## I. DISCUSSION

On August 28, 2014, this Court issued a screening order dismissing the complaint in its entirety for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. (ECF No. 3 at 6). The Clerk of the Court entered judgment that day. (ECF No. 6). On September 24, 2014, Plaintiff filed a motion to disqualify this judge (ECF No. 7) and a motion to strike this judge (ECF No. 8). On September 29, 2014, Plaintiff filed a notice of appeal. (ECF No. 9). On October 2, 2014, the Ninth Circuit Court of Appeals issued an order holding the appeal in abeyance until this Court ruled on the September 24th motions under Federal Rule of Appellate Procedure 4(a)(4). (ECF No. 12 at 1-2). The Court now addresses these two motions.

In the motion to disqualify, Plaintiff seeks to disqualify this judge for judicial misconduct for issuing a screening order against Plaintiff while Plaintiff has a pending motion to disqualify this judge in Plaintiff's habeas case, 3:14-cv-315-RCJ-WGC. (ECF No. 7 at 1). In the other case, Plaintiff seeks to remove this judge from the case because both Plaintiff and this judge are members of the LDS church. (*See* 3:14-cv-315-RCJ-WGC, ECF No. 12 at 2-3). Plaintiff

alleges a conflict of interest because of the negative harassment that would occur if an LDS judge were to grant Plaintiff's habeas petition. (*Id.* at 4).

Pursuant to 28 U.S.C. § 455, a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*. § 455(b)(1).

The Court denies Plaintiff's motion to disqualify. This judge does not have a personal bias or prejudice concerning this party despite being of the same religion and does not have personal knowledge of the disputed facts. Furthermore, this judge is not acquainted with Plaintiff and has no knowledge of his religion.

In the motion to strike, Plaintiff seeks to strike the screening order on the same grounds discussed above. (*See* ECF No. 8). The Court denies the motion to strike for the same reasons discussed above.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to disqualify (ECF No. 7) is denied.

IT IS FURTHER ORDERED that the motion to strike (ECF No. 8) is denied.

IT IS FURTHER ORDERED that, pursuant to the Ninth Circuit Court of Appeal's order (ECF No. 12), Plaintiff shall have five days to notify the appellate court whether he intends to prosecute his appeal.

Dated: This 6th day of October, 2014.

_____
United States District Judge